IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KIMBERLY MARIE TUCKER, | CV 19-68-BLG-TJC |
| Plaintiff, | |
| vs. | **ORDER** |
| ANDREW SAUL, Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff Kimberly Marie Tucker ("Plaintiff") has filed a complaint pursuant to 42 U.S.C. § 405(g) of the Social Security Act, requesting judicial review of the final administrative decision of the Commissioner of Social Security ("Commissioner") regarding the denial of her claim for supplemental security income under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-83(c).  (Doc. 2.)  The Commissioner has filed the Administrative Record ("A.R."). (Doc. 9).

Presently before the Court is Plaintiff's motion for summary judgment, seeking reversal of the Commissioner's denial and remand for an award of disability benefits, or alternatively for further administrative proceedings.  (Doc. 11.)  The motion is fully briefed and ripe for the Court's review.  (Docs. 12, 13.)

For the reasons set forth herein, and after careful consideration of the record and the applicable law, the Court finds the ALJ's decision should be **AFFIRMED**.

1

## I.      PROCEDURAL BACKGROUND

This matter is before the Court for a second time.  Plaintiff previously appealed the denial of her request for benefits to this Court on August 30, 2016. *See Tucker v. Berryhill*, CV 16-132-SPW-TJC, Docket No. 2 (D. Mont. Aug. 30, 2016); A.R. 1072-1132.  In the prior case, the Court determined Administrative Law Judge Michele M. Kelley (the "ALJ") failed to set forth specific and legitimate reasons for affording less weight to the opinion of Dr. Troy Stiles, erred in weighing Plaintiff's credibility, and found the ALJ's determination at step five was not supported by substantial evidence.  (A.R. 1096-97; 1102-31.)  The Court, therefore, reversed the Commissioner's decision and remanded the matter for further proceedings.  (*Id.*)

On remand, the ALJ held a second hearing on December 13, 2018.  (A.R. 996-1042.)  On February 15, 2019, the ALJ issued a written decision again finding Plaintiff not disabled.  (A.R. 996-987.)  Thereafter, Plaintiff filed the instant action. (Doc. 2.)

Plaintiff argues the ALJ ignored this Court's remand order and again committed reversible error by (1) failing to properly evaluate the medical opinion evidence; (2) improperly discrediting her subjective symptom testimony; and (3) failing to incorporate all of her impairments into the vocational expert's hypothetical questioning.

2

## II.    LEGAL STANDARDS

### A.    Scope of Review

The Social Security Act allows unsuccessful claimants to seek judicial review of the Commissioner's final agency decision.  42 U.S.C. §§ 405(g), 1383(c)(3).  The scope of judicial review is limited.  The Court must affirm the Commissioner's decision unless it "is not supported by substantial evidence or it is based upon legal error."  *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).  *See also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("We may reverse the ALJ's decision to deny benefits only if it is based upon legal error or is not supported by substantial evidence."); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

"Substantial evidence is more than a mere scintilla but less than a preponderance."  *Tidwell*, 161 F.3d at 601 (citing *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997)).  "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion."  *Flaten*, 44 F.3d at 1457.  In considering the record as a whole, the Court must weigh both the evidence that supports and detracts from the ALJ's conclusions.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975)).  The Court must uphold the denial of benefits if the evidence is susceptible to more than one rational

interpretation, one of which supports the ALJ's decision.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Flaten*, 44 F.3d at 1457 ("If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the court may not substitute its judgment for that of the Secretary.").  Even if the Court finds that substantial evidence supports the ALJ's conclusions, however, the Court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a conclusion.  *Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978) (quoting *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968)).

In addition, "[d]eviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review."  *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989).  Given the nature of the current review, it is also important to note that the "the law of the case doctrine and rule of mandate apply to social security administrative remands from federal court in the same way they would apply to any other case."  *Stacy v. Colvin*, 825 F.3d 563, 566 (9th Cir. 2016).  *See also Nolte v. Astrue*, 2012 WL 4466558, *2 (D. Ariz. Sept. 27, 2012) ("Courts reviewing Social Security cases after a limited remand have refused to re-examine issues settled by a district court's prior order.").

## B.      Determination of Disability

To qualify for disability benefits under the Social Security Act, a claimant must show two things: (1) she suffers from a medically determinable physical or mental impairment that can be expected to last for a continuous period of twelve months or more, or would result in death; and (2) the impairment renders the claimant incapable of performing the work she previously performed, or any other substantial gainful employment which exists in the national economy.  42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A).  A claimant must meet both requirements to be classified as disabled.  *Id*.

The Commissioner makes the assessment of disability through a five-step sequential evaluation process.  If an applicant is found to be "disabled" or "not disabled" at any step, there is no need to proceed further.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1003 (9th Cir. 2005) (quoting *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000)).  The five steps are:

1.  Is claimant presently working in a substantially gainful activity?  If so, then the claimant is not disabled within the meaning of the Social Security Act.  If not, proceed to step two.  *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2.  Is the claimant's impairment severe?  If so, proceed to step three.  If not, then the claimant is not disabled.  *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3.  Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 220, Appendix 1?  If so, then the

claimant is disabled.  If not, proceed to step four.  *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past?  If so, then the claimant is not disabled.  If not, proceed to step five.  *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

5. Is the claimant able to do any other work?  If so, then the claimant is not disabled.  If not, then the claimant is disabled.  *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

*Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

## III.   FACTUAL BACKGROUND

### A.   The ALJ's Findings

The ALJ acknowledged this Court's remand order, and proceeded to follow the five-step sequential evaluation process in re-considering Plaintiff's claim. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 22, 2013.  (A.R. 968.)  Second, the ALJ found that Plaintiff has the following severe impairments: "bilateral shoulder impingement and right shoulder osteoarthritis; cervical degenerative disc disease; obesity; major depressive disorder; anxiety disorder; posttraumatic stress disorder; and personality disorder." (*Id.*)  Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any one of the impairments in the Listing of Impairments.  (A.R. 971-73.)  Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

perform light work as defined in 20 CFR 416.967(b) with some
exceptions.  Specifically, the claimant is able to lift, carry, push, and
pull 10 pounds frequently and 20 pounds occasionally, is able to stand
and/or walk for about six hours in an eight-hour workday, and is able
to sit for about six hours in an eight-hour workday.  The claimant is
frequently able to climb ramps and/or stairs, occasionally able to
climb ladders, ropes or scaffolds, is frequently able to balance, and is
occasionally able to stoop, kneel, crouch, and crawl.  The claimant is
frequently able to reach in front and laterally with the upper
extremities bilaterally, and is occasionally able to reach overhead
bilaterally.  The claimant is able to understand, remember and carry
out simple tasks, and is able to sustain attention, concentration,
persistence, and pace for simple tasks for eight-hour workdays and
40-hour workweeks.  The claimant is able to tolerate occasional
interaction with supervisors, coworkers, and members of the public,
but cannot work with the public as part of work duties.  The claimant
is able to tolerate occasional changes in the work setting and cannot
work at a fixed production rate or pace, but can perform goal-oriented
work.  The foregoing abilities/limitations are to be considered
sustained work activities in an ordinary work setting on a regular and
continuing basis.

(A.R. 973.)

The ALJ next found that Plaintiff had no past relevant work.  (A.R. 985.)

Fifth, the ALJ found that Plaintiff could perform light, unskilled jobs that exist in

significant numbers in the national economy, such as laboratory sample carrier,

bindery machine feeder, and cleaner/housekeeper.  (A.R. 986-87.)  Thus, the ALJ

found that Plaintiff was not disabled.  (A.R. 987.)

/ / /

### B.     Medical Evidence[1]

Plaintiff received mental health treatment at Big Sky Psychiatric Services

from July 2011 through August 2018.  (A.R. 681-697; 806-820; 1702-1780.)

Plaintiff primarily saw Dr. Troy Stiles, but was also treated by Naomi Routen, PA-

C between March 2017 and August 2018.  (A.R. 1752-1780.)

Dr. Stiles submitted two medical source statements, one in February 2013

and one in November 2014.  (A.R. 678-80; 921-25.)  He also submitted a letter on

December 5, 2018 following this Court's remand order, which was co-signed by

Ms. Routen.  (A.R. 2104-2105.)

In Dr. Stiles' February 2013, opinion, he stated Plaintiff had moderate

limitations in understanding, remembering and carrying out simple instructions,

and marked limitations in understanding, remembering, and carrying out complex

instructions and making judgments.  (A.R. 678.)  He further opined that Plaintiff

had moderate limitations in interacting with the public and co-workers, and marked

limitations in interacting with supervisors (especially male authority figures) and

responding appropriately to work situations and changes in routine work settings.

(A.R. 679.)  Dr. Stiles stated that when Plaintiff has significant PTSD symptoms,

---

[1] The Administrative Record includes Plaintiff's medical records from numerous
health care providers.  The Court has summarized only those records that are
relevant to the specific issues presented for review.

she would have marked difficulties that could last for weeks, but when she is less stressed, she would be able to function with only mild interference.  (A.R. 678.)

Dr. Stiles' November 2014 opinion stated that Plaintiff's prognosis was fair. (A.R. 921.)  Dr. Stiles opined that Plaintiff was unable to tolerate normal work stress, would be unable to maintain regular attendance, and would be absent from work 3 or more days per month.  (A.R. 922.)  He stated Plaintiff had moderate limitations in interacting appropriately with the public, maintaining concentration, persistence or pace, remembering work procedures, and carrying out short and simple instructions.  (A.R. 922-923.)  He also found she had serious limitations with regard to maintaining attention for 2 hours, working in coordination with others, performing at a consistent pace, getting along with co-workers, responding to changes in routine work setting, and traveling in unfamiliar places.  (*Id.*)  He noted, however, that Plaintiff had only mild limitations in maintaining social functioning and performing activities of daily living.  (A.R. 924.)  Dr. Stiles also stated Plaintiff had suffered three or more episodes of decompensation.  (*Id.*)

Dr. Stiles December 2018 letter stated that Plaintiff struggles with intermittent exacerbations of her PTSD, and has not been able to develop adequate coping skills to function with day-to-day stressors, despite regular care and multiple medication trials.  (A.R. 2104.)  He explained that Plaintiff has difficulty trusting others, especially males, due to her trauma history.  (*Id.*)  He noted that

Plaintiff is often scattered and has trouble concentrating, and it can be difficult to redirect her focus to the topics of discussion during her appointments.  (*Id.*)  He stated she can have rapid mood swings, and become angry and irritable quite easily.  (*Id.*)  Dr. Stiles opined that due to her ongoing PTSD exacerbations, anxiety and depression, Plaintiff would be unable to maintain a regular work schedule.  (A.R. 2105.)  He stated she may be able to get to work and perform on some days, but would be too much for her to regularly maintain a work schedule. (*Id.*)  Dr. Stiles further indicated that very little stress can exacerbate Plaintiff's mental health conditions and lead to decompensation with isolation and the inability to work consistently.  (*Id.*)

## IV.    DISCUSSION

### A.    The ALJ's Evaluation of the Medical Opinion Evidence

Plaintiff contends that on remand, the ALJ failed to give proper weight to the opinions of Dr. Troy Stiles and Naomi Routen, PA-C.  The Commissioner counters that the ALJ properly re-considered the medical source evidence.

In assessing a disability claim, an ALJ may rely on "opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)."  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995.)  The Commissioner applies a hierarchy

of deference to these three types of opinions.  The opinion of a treating doctor is generally entitled to the greatest weight.  *Id.*  ("As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant."); *see also* 20 C.F.R. § 404.1527(c)(2).  "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician."  *Lester*, 81 F.3d at 830.

If the treating physician's opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques, or is inconsistent with other substantial evidence in the record, it is not entitled to controlling weight. *Orn v. Astrue*, 495 F.3d 625, 631-32 (9th Cir. 2007) (quoting Social Security Ruling 96-2p).  In that event, the ALJ must consider the factors listed in 20 C.F.R. § 404.1527(c) to determine what weight to accord the opinion.  *See* Social Security Ruling 96-2p.  The factors include: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) the specialization of the treating source; and (6) any other factors brought to the ALJ's attention that tend to support or contradict the opinion.  20 C.F.R. § 404.1527(c)(2)(I)-(ii), (c)(3)-(6).

To discount the controverted opinion of a treating physician, the ALJ must provide "'specific and legitimate reasons' supported by substantial evidence in the

11

record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)*; Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).  The ALJ can accomplish this by setting forth "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  "The ALJ must do more than offer his conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors' are correct." *Reddick*, 157 F.3d at 725.

Previously, the ALJ gave Dr. Stiles' opinion "little weight," but erred by failing to support her reasoning for doing so.  (A.R. 23; 1120-1121.)  On remand, the ALJ determined Dr. Stiles' opinion was entitled to "some weight."  (A.R. 981-982, 984-985.)  Specifically, the ALJ determined that Dr. Stiles' opinion regarding the need for Plaintiff to be in a lower-stress environment to avoid exacerbation of her mental symptoms, to avoid high pace/rate work activity, and to limit interaction with others was supported.  (*Id.*)  Accordingly, the ALJ included limitations in Plaintiff's RFC to accommodate her mental restrictions.  (A.R. 973.)  The ALJ also explained her reasoning for not affording Dr. Stiles' opinion greater weight.

The Court finds the ALJ corrected the prior error by giving sufficiently specific and legitimate reasons for the weight she assigned to Dr. Stiles' opinion, which are supported in the record.  The ALJ pointed to specific portions of Dr.

12

Stiles' opinion that were inconsistent with the medical record, with his own treatment notes, and with Plaintiff's activities. These were legitimate basis for discounting his opinion. *See e.g. Hughley v. Colvin*, 628 F. App'x 519, 520 (9th Cir. 2016) (an ALJ may afford a medical opinion less weight on the basis that it is inconsistent with the medical record as a whole); 20 C.F.R. § 416.927(c)(4) (same); *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (holding an ALJ may reject a treating physician's opinion on the basis that a conflict exists between the treating physician's opinion and the physician's notes); and *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (an ALJ may reject a doctor's opinion that is inconsistent with a claimant's daily activities).

For example, the ALJ stated Dr. Stiles' November 2014 medical source statement described Plaintiff as having three or more episodes of decompensation within the previous 12 months, but there was no medical evidence showing Plaintiff had decompensated at any time from her alleged onset date forward. (A.R. 981.) Similarly, the ALJ found Dr. Stiles' December 2018 opinion – that very little stress could lead to decompensation with isolation – was not supported because the medical records did not reflect any episodes of decompensation. (A.R. 984.) The ALJ's observations are supported by the record.

The ALJ further explained that Dr. Stiles' December 2018 opinion regarding Plaintiff's scattered thinking, mood swings, and inability to concentrate and stay on

task were generally inconsistent with the observations of examining physician, Dr. Mary Kay Bogumill, and with the mental status examination findings reported in his treatment notes.  (A.R.  984-85.)  The record supports the ALJ's finding.  Dr. Bogumill examined Plaintiff on June 14, 2018.  (A.R. 1281-87.)  Dr. Bogumill noted Plaintiff's thoughts were coherent and logical, she was alert and normally attentive, and she interacted in a socially appropriate manner.  (A.R. 1284.)  Dr. Bogumill's testing revealed Plaintiff had "low average" attention and concentration, but did not have significant difficulty understanding information, although she may have some difficulty remembering.  (A.R. 1285-1286.)  Further, as the ALJ pointed out, Dr. Stiles' narrative descriptions discussed a variety of symptoms, but his and Ms. Routen's mental status examinations were generally benign and noted that Plaintiff was appropriate in her appearance, had good eye contact, normal speech, generally intact memory, was cooperative, had goal-directed, logical thought process, and intact insight and judgment.  (*See* A.R. 681-697; 806-820; 1702-1780.)  Similarly, other treatment providers throughout the record generally described Plaintiff as alert, oriented, cooperative, and typically in no acute distress, aside from occasionally noting she was anxious.  (*See generally* A.R. 257-676; 749-793; 798-805; 821-919; 1290-1687; 1783-1864; 1919-2090.)

The ALJ further noted that Dr. Stiles opined Plaintiff was seriously limited in her ability to travel in unfamiliar places.  (A.R. 982.)  The ALJ found this

14

specific portion of his opinion "significantly less persuasive" because it was inconsistent with Plaintiff's ability to travel cross-country.  (*Id.*)  Likewise, the ALJ found Dr. Stiles' opinion that Plaintiff gets overwhelmed outside of her home was inconsistent with Plaintiff's ability to obtain legal guardianship of a young child, and to travel to Virginia multiple times, at least once independently.  (A.R. 984.)  The ALJ's reasoning is supported by the evidence in the record.  (*See* A.R. 1007-08; 1011; 1028.)

Accordingly, the Court finds the ALJ did not err in considering Dr. Stiles' opinion on remand.[2]  With regard to Ms. Routen, the Court notes that she did not provide an independent opinion regarding Plaintiff's limitations, but rather co-signed the December 5, 2018 letter authored by Dr. Stiles.  Accordingly, for the same reasons the Court finds the ALJ adequately explained the weight assigned to Dr. Stiles' opinion, the Court finds no error with regard to Ms. Routen.

/ / /

---

[2] Previously, the Court found the ALJ erred by failing to address the factors set out in 20 C.F.R. § 404.1527(c)(2-6) in determining how much weight to afford Dr. Stiles' opinion.  (A.R. 1121.)  On remand, the ALJ did not reference 20 C.F.R. § 404.1527 or directly address the factors.  The ALJ did, however, thoroughly discuss Dr. Stiles' records and opinions, and in so doing touched on each of the factors.  The Court also found the ALJ erred by failing to consider Plaintiff's ability to afford therapy and medication.  (A.R. 1121; 1126-28.)  On remand, the ALJ no longer cited Plaintiff's failure to participate in therapy or take her medication as a reason to discredit her testimony or Dr. Stiles' opinion.  The Court finds any error in following the remand order, is therefore harmless.

## B.     The ALJ's Credibility Determination

Plaintiff next argues that the ALJ's credibility determination on remand was erroneous because the ALJ still failed to provide specific clear and convincing reasons for rejecting her testimony.  The Commissioner counters that the ALJ reasonably evaluated Plaintiff's credibility.

The credibility of a claimant's testimony is analyzed in two steps.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  First, the ALJ must determine whether the claimant has presented objective evidence of an impairment or impairments that could reasonably be expected to produce the pain or other symptoms alleged.  *Id.*  Second, if the claimant meets the first step, and there is no affirmative evidence of malingering, the ALJ may reject the claimant's testimony only if she provides "specific, clear and convincing reasons" for doing so.  *Id.*  "In order for the ALJ to find [the claimant's] testimony unreliable, the ALJ must make 'a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.'"  *Turner v. Commissioner of Soc. Sec. Admin.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010).  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Reddick v. Chater*, 157 F.3d at 722 (quoting *Lester*, 81 F.3d at 834)).

/ / /

16

To assess a claimant's credibility, the ALJ may consider (1) ordinary credibility techniques, (2) unexplained or inadequately explained failure to seek or follow treatment or to follow a prescribed course of treatment, and (3) the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *Fair v. Bowen*, 885 F.2d 597, 603-04 (9th Cir. 1989). An ALJ may also take the lack of objective medical evidence into consideration when assessing credibility. *Baston v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

Here, the ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause her symptoms, and there is no argument that Plaintiff is malingering. Therefore, the ALJ was required to cite specific, clear and convincing reasons for rejecting Plaintiff's subjective testimony about the severity of her symptoms. The Court finds the ALJ did so on remand.

The ALJ found there was "considerable inconsistency" regarding Plaintiff's statements about the limiting effects of her anxiety and panic attacks. (A.R. 976.) The ALJ noted that Plaintiff reported having such severe anxiety that she never drives when travelling cross-country, and she has trouble driving even in town, to the point that she vomits from the thought of leaving her house. (A.R. 976-977.) The ALJ contrasted this with Plaintiff's acknowledgment that she was able to borrow a car and drive to Virginia on her own in an emergency when her mother was diagnosed with cancer. (A.R. 975, 977.) The ALJ also noted that Plaintiff

17

reported to Ms. Routen in January 2018 that she was caring for her cousin's nine-year-old child and "constantly having to take him places" and keep up with his busy schedule, indicating a frequent ability to drive and leave her home.  (A.R. 977.)  The ALJ further found that Plaintiff's statements about her level of isolation (i.e., limiting herself to a small room and fearing going outside and even larger spaces within her home), was inconsistent with Plaintiff's acknowledged ability to perform her own grocery shopping, and medical records that indicated Plaintiff had spent time at a beach in Virginia.  (A.R. 979-80.)  The ALJ stated she believed Plaintiff experiences pain and mental health issues, and receives help from friends and family.  (A.R. 977.)  But the ALJ found the extent of Plaintiff's claimed limitations was inconsistent with the fact that she had been granted legal guardianship of her cousin's ten-year-old child.  (*Id.*)  The ALJ found it highly unlikely that an individual with the level of disability claimed by Plaintiff would have been granted guardianship.  (*Id.*)  The ALJ's observations are supported by the evidence in the record (A.R. 1011-13; 1027-28; 1675; 1767), and are a legitimate reason for discounting a claimant's testimony.  *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (stating an ALJ may discount a claimant's subjective complaints when they are inconsistent with the claimant's activities).

The ALJ also found that although Plaintiff sought a significant amount of medical treatment for various conditions, the treatment records generally indicated Plaintiff's systems were within normal limits, and there was minimal evidence of progressive loss of functioning.  (A.R. 978-79.)  The ALJ also found that Plaintiff's ability to venture into the ocean in waves that were strong enough to lift her up and drop her on the sand in early 2018, was inconsistent with her allegations regarding progressive loss of physical functioning.  (A.R. 979.)  There is support for the ALJ's conclusions in the evidence in the record.  (A.R. 257-676; 749-793; 798-805; 821-919; 1290-1687; 1783-1864; 1919-2090.)

In sum, although this Court may not have evaluated the evidence in the same way as the ALJ, the Court may not substitute its own interpretation of the evidence for the ALJ's interpretation.  *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (stating that as long as the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing.")

The Court therefore finds the ALJ's credibility determination on remand is properly supported by specific, clear and convincing reasons.

### C.    The ALJ's Failure to Incorporate Impairments into Hypothetical Questions Posed to the Vocational Expert.

Finally, Plaintiff argues the ALJ failed to incorporate all of her severe impairments into the hypothetical questions posed to the vocational expert.  The

Commissioner argues the ALJ's hypothetical questions appropriately included only the limitations the ALJ found credible and supported by substantial evidence.

Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant.  *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).  "The testimony of a vocational expert 'is valuable only to the extent that it is supported by medical evidence.'" *Magallanes*, 881 F.2d 747, 756 (9th Cir. 189) (quoting *Sample*, 694 F.2d 639, 644 (9th Cir. 1982)).  If the assumptions in the hypothetical are not supported by the record, then the vocational expert's opinion that the claimant has a residual working capacity has no evidentiary value.  *Embrey*, 849 F.2d at 422

As discussed above, the Court has determined the ALJ adequately supported her reasons for discounting the medical source evidence and Plaintiff's testimony. Accordingly, the hypotheticals the ALJ relied on properly accounted for all of Plaintiff's limitations that the ALJ found credible and supported by evidence in the record.

Therefore, the Court finds the ALJ's determination at step five is supported by substantial evidence.

/ / /

/ / /

/ / /

## V.      CONCLUSION

Based on the foregoing,  **IT IS ORDERED** that the Commissioner's

decision denying benefits is **AFFIRMED**, and Plaintiff's motion for summary

judgment (Doc. 11) is **DENIED**.

**IT IS ORDERED.**

DATED this 14th day of October, 2020.

_____

TIMOTHY J. CAVAN

United States Magistrate Judge